IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO L. ESTRADA,

    Plaintiff,

v.                                                                           No. 22-cv-963-KG-KRS

THE BERNALILLO COUNTY
BOARD OF COMMISSIONERS, et al.,

    Defendants.

**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION AND DENYING MOTION TO APPOINT COUNSEL**

    This matter is before the Court on Ricardo Estrada's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) (the "IFP Motion"); and his Motion seeking the appointment of counsel (Doc. 4) (the "Motion for Counsel"). For the reasons stated herein, the IFP Motion shall be granted, and the Motion for Counsel shall be denied.

    1.   The IFP Motion Shall be Granted.

    Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for his prisoner civil rights complaint. The Court will therefore grant Plaintiff leave to *proceed In Forma Pauperis*, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of …[his] average monthly deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action. *Id.*

    Plaintiff receives an average of $183.20 per month, and his average monthly balance is $30.82. *See* Doc. 11. The Court will assess an initial payment of $36.64 (which is 20% of the greater figure, $183.20) pursuant to § 1915(b)(1)(A). After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income

credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid or excused. If Plaintiff fails to timely make the initial partial payment, his complaint may be dismissed without further notice.

1. The Motion for Counsel Shall be Denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's Amended Complaint (Doc. 2), which is pending review pursuant to 28 U.S.C. § 1915A, does not appear particularly complex and Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion for Counsel.

**IT IS ORDERED** that:

(1) The **IFP Motion (Doc. 3)** is **GRANTED.**

(2) Within thirty **(30) days** from entry of this order, Plaintiff shall send to the Clerk an initial partial payment of **$36.64**.

(3) The Clerk is directed to provide Plaintiff with two copies of this order, and that Plaintiff make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment.

(4) After payment of the initial partial fee, Plaintiff shall make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

(5) The Motion for Counsel **(Doc. 4)** is **DENIED** without prejudice.

*[signature: Kevin Sweazea]*
UNITED STATES MAGISTRATE JUDGE