IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICARDO L. ESTRADA,

    Plaintiff,

v.                                                                       No. 22-cv-00963-KG-KRS

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF BERNALILLO, BERNALILLO
COUNTY METROPOLITAN
DETENTION CENTER, LISA MORTON,
MDC CHIEF SAPIEN, ISAAC
MINASES, THE CITY OF
ALBUQUERQUE, GARY TRUJILLO, JR.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER is before the Court on Plaintiff Ricardo L. Estrada's Amended Prisoner Complaint for Violation of Civil Rights, filed January 9, 2023. (Doc. 2) (the "Complaint"). Plaintiff is a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). He is proceeding *pro se* and *in forma pauperis*. Plaintiff claims that the conditions of confinement at MDC violate his rights guaranteed by the First and Eighth Amendments to the United States Constitution. (Doc. 2 at 4). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will, however, be given an opportunity to file a second amended complaint.

I.      Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true.

Plaintiff alleges that from mid-July 2022 and continuing to the date he filed drafted the Complaint, MDC had only 270 full time security officers, representing a staffing shortage of 111 of the 381 officers needed. (Doc. 2 at 7). As a result, Plaintiff alleges, he was sometimes locked down for 72-116 consecutive hours, deprived of showers, outdoor recreation, phone calls, legal access, facility kiosk, access to the dayroom, and time in the general population. (Doc. 2 at 7). This also put his personal safety at risk because there were no safety and welfare checks. (Id.). He alleges as well, that he was not provided with requested "grievance responses material," which allegation is ambiguous—meaning, perhaps, that he was not given materials sought in a grievance, a response to a grievance, or access to materials needed to submit a grievance. (Doc. 2d at 5). Plaintiff alleges that these conditions have led him to experience severe mental and emotional distress, severe PTSD flashbacks, severe anxiety and depression, suicidal thoughts, dissociative mental state, and behavior changes. (Doc. 2 at 7).

Based on these allegations, Plaintiff claims that his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to freely exercise his religion have been violated. (Doc. 2 at 4). He seeks $5 million in damages, half of which he wishes to be dedicated to the resolution of MDC's staffing issues. (Doc. 2 at 7). He brings these claims against The Board of County Commissioners of the County of Bernalillo, MDC, MDC librarian Lisa Morton, Chief of MDC FNU Sapien, The City of Albuquerque, MDC Chaplain Isaac Minases, and MDC E-Unit Captain Gary Trujillo, Jr.

II.   Analysis.

   A.   Standard of Review.

As Plaintiff is proceeding *pro se* in this civil action against governmental entities and officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is pro se, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

   B.   Pleading Standards Governing a § 1983 Claim.

42 U.S.C. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of

3

two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly *who* is alleged to have done what to *whom*, to provide each individual [defendant] with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

    C.    The Complaint Does Not State a Viable § 1983 Claim Against any Defendant.

    1.    Claims Against Bernalillo County.

A county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

Municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Therefore, to state a claim against a county, a plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged. *Barney v. Pulsipher*, 143 F.3d

1299, 1307 (10th Cir. 1998). This requires the plaintiff to show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference." *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019). The "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff has not alleged the existence of an unconstitutional official policy or custom or demonstrated a causal connection between such policy or custom and the alleged deprivations. The § 1983 claims against the County must therefore be dismissed.

    2.    <u>Claims Against the City Albuquerque.</u>

It is not clear what Plaintiff's claims might be against City of Albuquerque. The Complaint includes no factual allegations to that effect, and MDC is a county jail. The absence of allegations against the city warrants dismissal of Plaintiff's claims against it. *Robbins*, 519 F.3d at 1250. If Plaintiff chooses to amend his complaint and chooses to include the City of Albuquerque as a defendant, the legal framework established in *Monell* (discussed in the previous section) apply as well to claims against a city.

    3.    <u>Claims against MDC</u>.

Plaintiff's claims against MDC must be dismissed with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017). The Bernalillo County Board of Commissioners—a named defendant in this action—is the proper defendant for any claims against

the facility. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ….").

    4.    <u>Claims Against the Named Individuals.</u>

Plaintiff alleges that Gary Trujillo, Jr. is the E-Unit Captain at MDC, that he addressed his grievances to Trujillo, and that Trujillo personally met with Plaintiff and told him that he recognized "the problem" but there was nothing he could do. (Doc. 2 at 10). These allegations do not sufficiently tie an alleged constitutional deprivation to Trujillo's conduct such that the Court or Trujillo is apprised of what, specifically, Trujillo did in alleged violation of Plaintiff's rights. *See Robbins*, 519 F.3d at 1250 (requiring a plaintiff to identify "exactly *who* is alleged to have done what to *whom*").

As to Lisa Morton, Chief Sapien, and Isaac Minases, their names and respective positions at MDC are the only facts about them in the Complaint. Plaintiff's generalized claims against these defendants are not viable. If Plaintiff chooses to file a second amended complaint and wishes to include claims against these defendants, he should specifically state what each individual allegedly did in violation of his constitutional rights, bearing in mind that collective allegations against "defendants" as a group, are not sufficient to state a claim against any one of them. *Robbins*, 519 F.3d at 1250.

    5.    <u>Additionally/in the Alternative Plaintiff's Claims Fail on Substantive Grounds.</u>

a. <u>Eighth Amendment Claims.</u>

The Eighth Amendment prohibition against cruel and unusual punishment requires prison

officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription on cruel and unusual punishment, the standards governing claims of cruel and unusual punishment are the same in either context. *Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001).

To prove that prison conditions amount to cruel and unusual punishment, the plaintiff must prove, among other things, that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, the plaintiff must satisfy a subjective component. In the municipal liability context, the subjective component is satisfied by showing the municipality had actual or constructive notice that its action or inaction would almost certainly result in a constitutional violation, and it consciously disregarded the risk of harm. *Layton v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013). For individual liability, a plaintiff may satisfy the subjective component by showing that a state actor knew about, but disregarded, a substantial risk of harm.

Here, the Court will assume without deciding that the alleged conditions, including extended periods in-cell time, lack of exercise and inhumane conditions attributable to understaffing—satisfy the objective component of an Eighth Amendment claim. *See, e.g.*, *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) ("[T]here can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual

punishment[.]"); *Thompson v. Lengerich*, 798 F. App'x 204, 212 (10th Cir. 2019) (holding that prolonged lockdowns and increased danger to inmates resulting from a policy of understaffing stated an Eighth Amendment claim).

But to state a viable claim for cruel and unusual punishment, the plaintiff must plead facts satisfying the subjective component as well. The Complaint is devoid of allegations showing that a municipal policy underlay the staffing shortage or the resulting complained-of conditions at MDC. *See generally*, *Thompson*, 798 F. App'x at 212 (failing to remedy ongoing constitutional violations may show municipality's deliberate indifference); *Bond v. Oklahoma Cnty. Crim. Just. Auth.*, No. CIV-23-05-D, 2023 WL 2878772, at *4 (W.D. Okla. Apr. 10, 2023) (holding the plaintiff stated a viable claim by showing municipality maintained a custom of understaffing and inadequately supervising the jail, was on notice that these deficiencies posed significant risks to inmate safety, and consciously disregarded those risks).

Also absent are allegations showing that any individual knew of, but remained deliberately indifferent to, a risk of harm. Plaintiff's allegations showing that Gary Trujillo, Jr. met with him, acknowledged "the problem,"and said there was nothing he could do are too vague unspecific to satisfy the subjective component. To satisfy the pleading standard, a plaintiff must allege facts showing that the official "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and . . . draw the inference." *Strain v. Regaldo*, 977 F.3d 984, 990 (10th Cir. 2020). From the allegations in the complaint, it is unclear what Trujillo understood to be the "problem" and/or whether he inferred that it posed an excessive risk to Plaintiff's health or safety.

b.   First Amendment Claim.

Subject to reasonable limitations, inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). It appears that the Plaintiff wishes to state a free exercise claim, but there are no allegations in the body of the Complaint to support such a claim.

To state a free exercise claim against a municipality, a prisoner-plaintiff must show that a prison policy or custom "substantially burdened ... [his] sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). If the plaintiff shows that his "beliefs are religious in nature" and that the beliefs are "sincerely held," and that the defendant substantially interfered with them, the burden will shift to the defendant to show that a legitimate penological interest justified the custom or policy. *Kay*, 500 F.3d at 1218–19. Plaintiff has included no allegations regarding his religious beliefs or whether and how they have been infringed by any defendant. The claim therefore cannot survive.

D.   Plaintiff May File an Amended Complaint.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

IT IS THEREFORE ORDERED that:

(1)   Plaintiff's Amended Prisoner Complaint for Violation of Civil Rights filed January 9, 2022 (Doc. 2) is DISMISSED without prejudice.

(2)   Plaintiff is granted leave to file an amended complaint within thirty days of the entry of

this Memorandum Opinion and Order.

(3)     Failure to timely amend may result in dismissal of this action without further notice.

_____
UNITED STATES DISTRICT JUDGE