IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICARDO L. ESTRADA,

    Plaintiff,

v.                                                                       No. 22-cv-00963-KG-KRS

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF BERNALILLO, BERNALILLO
COUNTY METROPOLITAN
DETENTION CENTER, LISA MORTON,
MDC CHIEF SAPIEN, ISAAC
MINASES, THE CITY OF
ALBUQUERQUE, GARY TRUJILLO, JR.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court following Plaintiff Ricardo Estrada's failure to file a second amended complaint as directed. Plaintiff is a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). He is proceeding *pro se* and *in forma pauperis.* In Plaintiff's Amended Prisoner Complaint for Violation of Civil Rights, filed January 9, 2023 (Doc. 2) (the "Complaint"), Plaintiff claimed that the conditions of confinement at MDC violate his rights guaranteed by the First and Eighth Amendments to the United States Constitution. (Doc. 2 at 4).

Specifically, Plaintiff alleged that from mid-July 2022 and continuing to the date he drafted the Complaint, MDC had only 270 full time security officers, representing a staffing shortage of 111 of the 381 officers needed. (Doc. 2 at 7). As a result, Plaintiff alleged, he was sometimes locked down for 72-116 consecutive hours, deprived of showers, outdoor recreation, phone calls, legal access, facility kiosk, access to the dayroom, and time in the general population. (Doc. 2 at 7). This

also allegedly put his personal safety at risk because there were no safety and welfare checks. (Id.). He alleged as well, that he was not provided with requested "grievance responses material," meaning, perhaps, that he was not given materials sought in a grievance, a response to a grievance, or access to materials needed to submit a grievance. (Doc. 2d at 5). Plaintiff alleged that these conditions led him to experience severe mental and emotional distress, severe PTSD flashbacks, severe anxiety and depression, suicidal thoughts, dissociative mental state, and behavior changes. (Doc. 2 at 7).

Based on the foregoing, Plaintiff claimed that his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to freely exercise his religion were violated. (Doc. 2 at 4). He sought $5 million in damages, half of which he would dedicate to the resolution of MDC's staffing issues. (Doc. 2 at 7). He brought these claims against The Board of County Commissioners of the County of Bernalillo, MDC, MDC librarian Lisa Morton, Chief of MDC FNU Sapien, The City of Albuquerque, MDC Chaplain Isaac Minases, and MDC E-Unit Captain Gary Trujillo, Jr.

The Court liberally construed the Complaint and, by a Memorandum Opinion and Order entered November 2, 2023, determined it failed to state a cognizable claim. (Doc. 22) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Specifically, the Court dismissed Plaintiff's claims against Bernalillo County because Plaintiff did not allege facts showing an unconstitutional official policy or custom nor did he demonstrate a causal connection between such policy or custom and the alleged deprivations. (Doc. 22 at 4-5). *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

2

may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (Municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees.); *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (To state a claim against a county, a plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged.). The Court also explained the pleading standards Plaintiff would be required to satisfy in a second amended complaint to state a viable claim against the County. (Doc. 22 at 4-5); *see Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019) (A plaintiff must show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference."); *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (explaining the "deliberate indifference" pleading requirement).

As to Plaintiff's claims against the City of Albuquerque, the Court held, "[i]t is not clear what Plaintiff's claims might be against City of Albuquerque. The Complaint includes no factual allegations to that effect, and MDC is a county jail." (Doc. 22 at 5). Based on the absence of allegations against the city, the Court dismissed Plaintiff's claims against it, and advised Plaintiff that if he chose to file a second amended complaint, the legal framework established in *Monell* govern claims against a city. (Id.).

The Court dismissed Plaintiff's claims against MDC with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). (Doc. 22d at 5). The Court noted however, that Plaintiff named The Bernalillo County Board of Commissioners as a defendant in this action,

3

which is the proper defendant for any claims against the facility. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,"). (Doc. 22 at 5-6).

The Court also addressed Plaintiff's claim against the individually named defendants. As to Gary Trujillo, Jr., the Court held that Plaintiff's allegations that he is the E-Unit Captain at MDC, that he addressed his grievances to Trujillo, and that Trujillo personally met with Plaintiff and told him that he recognized "the problem" but there was nothing he could do, did not sufficiently tie an alleged constitutional deprivation to Trujillo's conduct such that the Court or Trujillo were apprised of what, specifically, Trujillo did in alleged violation of Plaintiff's rights. *See Robbins*, 519 F.3d at 1250 (requiring a plaintiff to identify "exactly *who* is alleged to have done what to *whom*"). (Doc. 22 at 6). As to Lisa Morton, Chief Sapien, and Isaac Minases, their names and respective positions at MDC were the only facts about them in the Complaint. The Court dismissed the claims against them on the ground that Plaintiff failed to state what each individual allegedly did in violation of his constitutional rights. *Robbins*, 519 F.3d at 1250. (Doc. 22 at 6).

Finally, the Court addressed the substance of the allegations, and explained why they were insufficient to state viable claims, while also providing an overview of the governing law to accommodate Plaintiff's ability to file a second amended complaint. *See* (Doc. 22 at 6-9). The Court provided the following analysis:

    a. <u>Eighth Amendment Claims</u>.

The Eighth Amendment prohibition against cruel and unusual punishment requires prison

4

officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription on cruel and unusual punishment, the standards governing claims of cruel and unusual punishment are the same in either context. *Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001).

To prove that prison conditions amount to cruel and unusual punishment, the plaintiff must prove, among other things, that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, the plaintiff must satisfy a subjective component. In the municipal liability context, the subjective component is satisfied by showing the municipality had actual or constructive notice that its action or inaction would almost certainly result in a constitutional violation, and it consciously disregarded the risk of harm. *Layton v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013). For individual liability, a plaintiff may satisfy the subjective component by showing that a state actor knew about, but disregarded, a substantial risk of harm.

Here, the Court will assume without deciding that the alleged conditions, including extended periods in-cell time, lack of exercise and inhumane conditions attributable to understaffing—satisfy the objective component of an Eighth Amendment claim. *See, e.g., Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) ("[T]here can be no doubt that total

denial of exercise for an extended period of time would constitute cruel and unusual punishment[.]"); *Thompson v. Lengerich*, 798 F. App'x 204, 212 (10th Cir. 2019) (holding prolonged lockdowns and increased danger to inmates resulting from policy of understaffing stated Eighth Amendment claim).

But to state a viable claim for cruel and unusual punishment, the plaintiff must plead facts satisfying the subjective component as well. The Complaint is devoid of allegations showing that a municipal policy underlay the staffing shortage or the resulting complained-of conditions at MDC. *See generally*, *Thompson*, 798 F. App'x at 212 (failing to remedy ongoing constitutional violations may show municipality's deliberate indifference); *Bond v. Oklahoma Cnty. Crim. Just. Auth.*, No. CIV-23-05-D, 2023 WL 2878772, at *4 (W.D. Okla. Apr. 10, 2023) (holding the plaintiff stated viable claim by showing municipality maintained custom of understaffing and inadequately supervising jail, was on notice that deficiencies posed significant risks to inmate safety, and consciously disregarded risks).

Also absent are allegations showing that any individual knew of, but remained deliberately indifferent to, a risk of harm. Plaintiff's allegations showing that Gary Trujillo, Jr. met with him, acknowledged "the problem," and said there was nothing he could do are too vague and unspecific to satisfy the subjective component. To satisfy the pleading standard, a plaintiff must allege facts showing that the official "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and . . . draw the inference." *Strain v. Regaldo*, 977 F.3d 984, 990 (10th Cir. 2020). From the allegations in the complaint, it is unclear what Trujillo understood to be

the "problem" and/or whether he inferred that it posed an excessive risk to Plaintiff's health or safety.

    b. First Amendment Claim.

Subject to reasonable limitations, inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). It appears that the Plaintiff wishes to state a free exercise claim, but there are no allegations in the body of the Complaint to support such a claim.

To state a free exercise claim against a municipality, a prisoner-plaintiff must show that a prison policy or custom "substantially burdened ... [his] sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). If the plaintiff shows that his "beliefs are religious in nature" and that the beliefs are "sincerely held," and that the defendant substantially interfered with them, the burden will shift to the defendant to show that a legitimate penological interest justified the custom or policy. *Kay*, 500 F.3d at 1218–19. Plaintiff has included no allegations regarding his religious beliefs or whether and how they have been infringed by any defendant. The claim therefore cannot survive.

Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file a second amended complaint within thirty days. Plaintiff was warned that the failure to timely file an amended complaint could result in the dismissal of this case with prejudice. The amendment deadline expired on December 4, 2023. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

IT IS ORDERED that Plaintiff Ricardo Estrada's Amended Prisoner Complaint for Violation of Civil Rights, filed January 9, 2023 (Doc. 2) is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE